## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **1. LARRY DEAN COLEMAN,** | ) | |
| an individual, | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-CV-354-JHP-TLW** |
| | ) | |
| **1. MACY'S, INC., agent for MACY'S** | ) | **JURY TRIAL DEMANDED** |
| **RETAIL HOLDINGS, INC.** | ) | **ATTORNEY LIEN CLAIMED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

This action seeks declaratory and injunctive relief, compensatory and equitable damages, damages to compensate for any tax consequences of this judgment, punitive damages, and costs and attorney fees, for violations of: Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"); The Civil Rights Act of 1866, 42 U.S.C. § 1981; and the Age Discrimination in Employment Act, 29 USC § 621, et.seq. ("ADEA"), by Defendant and suffered by Plaintiff, Larry Coleman.

### PARTIES, JURISDICTION, VENUE & CONDITIONS PRECEDENT

1.    Plaintiff, Larry Dean Coleman, was a resident of the City of Tulsa, Tulsa County, State of Oklahoma at all times relevant to this suit.

2.    Mr.Coleman is a member of a class of persons protected by Title VII and the ADEA, to wit: African American male over forty years of age.

3.    Defendant is a Domestic for profit Business Corporation conducting substantial business within the State of Oklahoma, located in Tulsa County, and employing more than 20 full-time regular employees.

4.    Mr. Coleman timely filed his Charge of Discrimination with the U.S. Equal Employment

Opportunity Commission, alleging that Defendant discriminated against him based upon his race and age. Plaintiff has exhausted his administrative remedies as to his race and age claims.

5.      Mr. Coleman has timely filed his Complaint in this matter after his receipt of his Right to Sue letter.

6.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1367(a). Venue is proper under 28 U.S.C. § 1391(b) and, because all of Defendant's actions and omissions that are alleged herein occurred within Tulsa County, State of Oklahoma and within this judicial district, jurisdiction and venue is proper in this Northern District of the United States District Court.

<u>FACTS</u>

7.      On or about October 2003, Mr. Coleman began working for Defendant.

8.      During Plaintiff's employment, he was subjected to discrimination based on his race and age as follows:

a.      That Mr. Coleman was subjected to heightened disciplinary action in comparison to similarly situated white and/or younger employees;

b.      That Mr. Coleman was subjected to heightened scrutiny in the performance of his duties in comparison to similarly situated white employees;

c.      That Mr. Coleman was subjected to disparate treatment in the application of corporate managerial policy based on his race and age;

d.      That Mr. Coleman was subjected to race and age discrimination based upon a pattern of disparate treatment by Defendant; and,

e.      That Mr. Coleman was subjected to race and age discrimination based upon a pattern of disparate discipline by Defendant.

2

9.   During Mr. Coleman's employment, he has witnessed Defendant engage in a similar pattern and practice of treatment to other African-American employees over forty years of age, to wit:

   a.   That African American employees over forty years of age were subjected to heightened disciplinary action in comparison to similarly situated white and/or younger employees;

   b.   That African American employees over forty years of age were subjected to heightened scrutiny in the performance of their duties in comparison to similarly situated white and/ or younger employees;

   c.   That African American employees over forty years of age were subjected to disparate treatment in the application of corporate managerial policy based on their race and age;

10.   Mr. Coleman's District Manager of Loss Prevention, Michael Hooper, had been promoted to his new position in 2011. Prior to that Hooper was a Loss Prevention Manager of a store in the Dallas/ Ft. Worth area.

11.   Hooper and Mr. Coleman had prior incidents at District meetings when he was a Loss Prevention Manager.

12.   When Coleman's performance review was handle by Hooper the written notice that was provided to Coleman had several issues that was based on opinions and not factual information.

13.   When Coleman started with the company, he was Loss Prevention Manager of just Promenade, with two full-time staff in addition to Coleman assigned to the department.

14.   In 2007, Coleman was given responsibility for both stores and had his staff reduced.

3

15.     Coleman was the Loss Prevention Manager for both Macy stores in Tulsa. He had one full-time employee at Promenade and a full-time and a part-time at Woodland Hills. Coleman had to split his time between both stores, working approximately 20 plus hours in each store.

16.     The level of staffing in both stores was too low to cover both stores adequately. Coleman made this known to Hooper, who stated that Coleman would have to "make do" with what was provided. The loss shortage in both stores was getting worse.

17.     The store Manager at Promenade, Lori Rodriguez, and Coleman both voiced concerns as to needing more staffing.

18.     Rodriguez was forced to leave the company in 2012.

19.     Coleman's relationship with the District Team became strained.

20.     Coleman was not supported by Hooper, who rarely attended District visits. In nine District meetings, Hooper only attended four.

21.     The replacement store Manager at the Promenade store was in his early thirties and all other Managers being hired in both stores were younger, in their thirties.

22.     Coleman began to feel isolated and not supported.

23.     Coleman was the only Manager that was black and male and the oldest.

24.     In 2012, when shortages increased in the Promenade store, Coleman again requested but was not provided additional staff.

25.     Coleman requested his store managers to help in asking for additional staff. When they did, Coleman was told by Hooper that this would not happen and to quit asking.

26.     Other African-Americans were also treated less favorably than white employees.

27.     Larry Holt, an African-American, was the Loss Prevention Manager of the number one

store in the District.

28.     Holt was a Loss Prevention Manager for twenty-five years, but was never promoted.

29.     In 2011, there were three Loss Prevention Managers that were Black. After Coleman's

firing, only one Black remained.

30.     Four other Loss Prevention Managers, all white, had less time and success with the

company, and yet all were promoted.

31.     Mr. Coleman was discharged on or about December 2012, after complaining of the racial

and aged based discrimination he had observed and been subjected to. He believes that he

has been discriminated against because of his race, Black, and age, and in retaliation for his

complaints, in violation of Title VII and the ADEA.

## FIRST CLAIM:
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

For the First Claim, Plaintiff re-alleges and incorporates by reference the foregoing

paragraphs and states:

32.     That, as a member of a protected class, to wit: African-American, Mr. Coleman is

protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

*et seq*.

33.     That the disparate treatment of Mr. Coleman by Defendant was a direct result of

discrimination on the basis of race, to wit: African-American, as prohibited by Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

34.     That, Mr. Coleman was unfairly treated and that the motivating reason for this treatment

was based on his race, to wit: African-American, as prohibited by Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

35. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Mr. Coleman of the circumstances.

36. That the conduct complained of constitutes illegal race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

### SECOND CLAIM:
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

For the Second Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

37. That Mr. Coleman was subjected to discriminatory conduct, and that the motivating reason for this treatment is based on his race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

38. That said conduct has had the purpose or effect of unreasonably interfering with Mr. Coleman's work performance.

39. That said conduct has created an intimidating and hostile working environment for Mr. Coleman.

40. That said conduct was repeated frequently while Mr. Coleman was employed by Defendant.

41. That the harassers who were responsible for said conduct were Mr. Coleman's co-workers and supervisors.

42. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances by Mr. Coleman.

### THIRD CLAIM:
### RETALIATION IN VIOLATION OF TITLE VII

For the Third Claim, Plaintiff re-alleges and incorporates by reference the foregoing

paragraphs and states:

43.     That Mr. Coleman followed the proper procedures as an employee of Defendant in exercising his federally protected civil rights and complained about discrimination that he had witnessed as an employee and that he had experienced as an employee of said Defendant.

44.     That as a direct result of Mr. Coleman's complaints, Defendant altered the terms, conditions, and/or privileges of Mr. Coleman's employment.

45.     That Defendant retaliated against Mr. Coleman for exercising his federally protected rights: to work in a workplace free of racial and sexist discrimination, and to receive equal opportunities.

### FOURTH CLAIM:
### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

For the Fourth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

46.     That as a member of a protected class, to wit: African American over forty years of age, Mr. Coleman is protected from race discrimination under 42 U.S.C. § 1981;

47.     That the disparate treatment of Mr. Coleman by Defendant was a direct result of discrimination on the basis of race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

48.     That, Mr. Coleman was unfairly treated and that the motivating reason for this treatment was based on his race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

49.     That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Mr. Coleman of the circumstances.

7

50.     That the conduct complained of constitutes illegal race discrimination in violation of 42 U.S.C. § 1981.

### FIFTH CLAIM:
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 1981

For the Fifth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

51.     That Mr. Coleman was subjected to discriminatory conduct, and that the motivating reason for this treatment is based on his race, to wit: African-American, as prohibited by 42 U.S.C. § 1981.

52.     That said conduct has had the purpose or effect of unreasonably interfering with Mr. Coleman's work performance.

53.     That said conduct has created an intimidating and hostile working environment for Mr. Coleman.

54.     That said conduct was repeated frequently while Mr. Coleman was employed by Defendant.

55.     That the harassers who were responsible for said conduct were Mr. Coleman's co-workers and supervisors.

56.     That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances by Mr. Coleman.

### SIXTH CLAIM:
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

For the Sixth Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

57.     That Mr. Coleman followed the proper procedures as an employee of Defendant in

exercising his federally protected civil rights and complained about discrimination that he had witnessed as an employee and that he had experienced as an employee of said Defendant.

58.     That as a direct result of Mr. Coleman's complaints, Defendant altered the terms, conditions, and/or privileges of Mr. Coleman's employment with Defendant.

59.     That Defendant retaliated against Mr. Coleman for exercising his federally protected rights: to work in a workplace free of racial discrimination, and to receive equal opportunities.

## SEVENTH CLAIM:
## STATE LAW OKLAHOMA ANTI-DISCRIMINATION ACT CLAIM
## FILED AFTER NOVEMBER 1, 2011

For the Seventh Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

60.     That Plaintiff is a member of a protected class, to wit: African American over forty years of age.

61.     That Oklahoma law prohibits race and age discrimination and retaliation in the workplace (as set forth in the OADA, 25 O.S. § 1302, et. seq.), and permits an aggrieved employee to bring a claim against an employer for permitting race and age discrimination and retaliation.

62.     That Plaintiff was discriminated against due to his race and age and retaliated against during his employment as prohibited by the OADA.

63.     That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts.

9

64.     That the conduct complained of constitutes illegal race and age discrimination and

retaliation in violation of the OADA, 25 O.S. § 1302, et. seq.

## EIGHTH CLAIM:
## AGE DISCRIMINATION

For the Eighth Claim, Plaintiff re-alleges and incorporates by reference the foregoing

paragraphs and states:

65.     That the Plaintiff is a covered individual by the ADEA and is over the age of 40.

66.     The Defendant did discriminate against the Plaintiff on account of his age in respect to his

terms of compensation; and/or a condition or privilege of employment.

67.     In particular, but not limited to, hostile work environment discrimination due to his age and

discipline meted out to the Plaintiff as opposed to similarly situated younger employees.

## NINTH CLAIM:
## RETALIATION IN VIOLATION OF THE ADEA

For the Ninth Claim, Plaintiff re-alleges and incorporates by reference the foregoing

paragraphs and states:

68.     That Plaintiff engaged in protected activity when he complained about unlawful

hostile work environment discrimination. .

69.     That the Plaintiff suffered an adverse employment action as a result of the activity.

70.     That the Plaintiff suffered harm as a direct and proximate result of the Defendant's actions.

## JURY TRIAL REQUESTED

71.     Plaintiff is entitled to a jury trial under Title VII, the ADEA,   and the OEDA, and hereby

requests a jury trial.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, premises considered, Plaintiff prays for judgment as follows:

A.      Payment of back wages, benefits and compensation;

B.      Reinstatement to his former position, or alternatively, appropriate front pay;

C.      All compensatory damages, including, but not limited to, damages for humiliation, loss of dignity, and loss of enjoyment of life;

D.      Declaratory and injunctive relief, as appropriate;

E.      An assessment of damages to compensate for any tax consequences of this judgment;

F.      Prejudgment interest;

G.      Costs and attorney fees, and any other relief this Court deems just and equitable.

Respectfully submitted,

HALL, NALLEY & HOLLOWAY, PLLC

 /s/ Terry A. Hall
Terry A. Hall, OBA #10668
1101 N Harrison, Suite D
Shawnee, Oklahoma 74801
(918) 948-6982
(405) 260-9330 (facsimile)
thall@okhnhlaw.com
Attorneys for Plaintiff

4836-8499-6118, v.  1

11